Elgart, et. al. *v.* Pennsylvania Human Relations Commission.

Argued February 11, 1972, before Judges WILKIN-SON, JR., MENCER and ROGERS, sitting as a panel of three.

*Sigmund H. Steinberg,* with him *Steinberg, Greenstein, Richman & Price,* for appellants.

*Stanton W. Kratzok,* Assistant General Counsel, with him *Roy Yaffe,* Assistant Counsel, for appellee.

OPINION BY JUDGE WILKINSON, March 1, 1972:

This is an appeal from an order by the Pennsylvania Human Relations Commission requiring the appellants and their respective officers, agents and employees to cease and desist discriminating practices in general and requiring affirmative action, here summarized and paraphrased:

(a) Offer the complainant, a black, the first available one-bedroom apartment at 931 Clinton Street, Philadelphia, if he completes an application process and qualifies as to his ability to meet the rent by standards applied to others;

(b)   Instruct all its officers, agents and employees to cease discrimination in the rental of apartments at 931 Clinton Street, Philadelphia, or anywhere else under their control;

(c)   Promptly post copies of the Commission's Fair Housing Notice;

(d)   Maintain and make available records of all applicants seeking to rent apartments at 931 Clinton Street, Philadelphia, Pennsylvania;

(e)   "For a period of one year from the date of this Final Order, notify the Commission, within two days, each time a vacancy occurs at premises 931 Clinton Street, Philadelphia." (Verbatim)

(f)   Notify the Pennsylvania Human Relations Commission within fifteen days of the Final Order of the steps being taken to be in compliance therewith.

The facts which appear from the testimony, presumably stated fairly but certainly in the light most favorable to appellants since we are quoting from appellants' history of the case, are:

"Johnson is a Negro married male.   Appellant, Samuel Elgart, is the owner, as trustee for his son and daughter, of premises 931 Clinton Street, Philadelphia, Pennsylvania.   It is a 91 unit apartment complex in the central section of the city.   Appellant, Town Residence, Inc., is a corporation which leases from Mr. Elgart, as trustee, and operates the entire 931 Clinton Street.   Appellant, Apartment Shoppers, Inc., is a corporation which, acting for Town Residence, Inc., advertises available apartments in Philadelphia, including 931 Clinton Street.   Appellant, Samuel Elgart, is the President of Town Residence, Inc., and Apartment Shoppers, Inc.   All Appellants have offices at 1606 Locust Street.

"In the middle of August 1970, Johnson, two days after seeing an advertisement in a local Philadelphia

newspaper, contacted Apartment Shoppers, Inc. by telephone with reference to renting a one-bedroom apartment at 931 Clinton Street. Johnson was told that he would have to come in and fill out an application. Accompanied by J. J. Bilbee, Jr., a white male, Johnson went to 1606 Locust Street where Apartment Shoppers, Inc. has its principal place of business and filled out a Memorandum for an Application. Appellants' administrative policy is to require an applicant to fill out a preliminary application called 'Memorandum for an Application,' and then, when the applicant has seen the apartment and has decided that he definitely wants to rent the apartment, he is required to fill out a second more detailed formal 'Application for Lease' form and to deposit certain security funds with Appellants. Thereupon a committee of three, acting for Town Residence, Inc., reviews the 'Application for Lease' and decides whether to accept the applicant as a tenant.

"According to Johnson's testimony, after filling out the Memorandum for an Application, he was told by an interviewer for Appellant, Apartment Shoppers, Inc., or Town Residence, Inc., that the rental for a one-bedroom apartment at 931 Clinton Street was $165.00 per month and that there were none available, but that she would keep his application on file and would advise him of the next vacancy. She did tell him of the availability of several apartments in the Tioga Section, but Johnson was not interested in that location. Johnson thereafter went directly to 931 Clinton Street where he met the resident manager and was told that there was a one-bedroom apartment available at a rental of $110.00 or $120.00 which was shown to him, and that he would have to fill out an application at 1606 Locust Street. He then again telephoned Apartment Shopper's number and asked if they had a one-bedroom

apartment available at 931 Clinton Street. He was told he would have to come in and fill out an application. Immediately thereafter, Johnson filed his complaint with the Pennsylvania Human Relations Commission (hereinafter referred to as the 'Commission'), without returning to 1606 Locust Street or further contacting the Appellants. Johnson never filled out a formal application for lease nor made a security deposit.

"At present there are no Negro families living at 931 Clinton Street but there are several families of the Yellow Race who rent apartments there. Appellants have one or two Negro tenants in apartments located other than in the Tioga complex."

The only substantial dispute in the facts relates to whether the Complainant was informed and in fact knew that he was merely signing a "Memorandum for an Application" rather than an "Application." How the Complainant could be charged with the knowledge that he was not signing an application when appellants' sole witness could not keep clear the distinction between the two documents in his testimony is more than we can comprehend.

Without belaboring the record which more than amply supports the above statement of facts, the above statement of facts supports the Commission's finding of discrimination. In addition, it seems relevant to call attention to the fact that the named individual appellant did not appear although he was served with a subpoena. Appellants did not call either of the individuals with whom Complainant dealt at 1606 Locust Street, or 931 Clinton Street. The sole witness for the appellant was far from candid, frequently refusing to answer questions. At one point he interposed: "I refuse to answer any more questions in regard to it. Hold me in contempt if you want to."

The only exceptions filed to the order were general in nature and did not specify any particular findings

of fact or conclusions of law other than that the record did not support that the complainant ever applied for an apartment. From the record it is apparent beyond doubt that complainant made it clear that he was seriously desirous of renting a one-bedroom apartment at 931 Clinton Street. He was told that none was available but that his application would be kept on file.

Although no exceptions were filed to paragraph (e) of the order, its propriety was briefed and argued and included in the Statement of Questions Involved as set forth by appellee. Under these circumstances, we will dispose of it in a manner required by a decision of the Court of Common Pleas of Dauphin County in *Pennsylvania Human Relations Commission v. Brucker*, 51 Pa. D. & C. 2d 369 (1970), decided when that court exercised the jurisdiction now possessed by us. For the reasons so recently and ably set forth by Judge CALDWELL, we must modify the order by removing paragraph (e) as being beyond the power and authority of the Commission.

ORDER

The final order of the Commission, dated March 29, 1971, is hereby modified by striking paragraph (e) therefrom. As so modified, said order is sustained.